IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES E. BROWN,**

       Petitioner,

  v.          CASE NO. 16-3075-SAC

**STATE OF KANSAS,**

       Respondent.

**MEMORANDUM AND ORDER**

  This matter is a petition for mandamus filed by a prisoner in state custody. Petitioner seeks mandamus relief under 28 U.S.C. § 1651 to require the District Court of Wyandotte County, Kansas, the Kansas Bureau of Investigation (KBI), and the Federal Bureau of Investigation (FBI) to comply with K.S.A. 21-2512.

  K.S.A. 21-2512 allows a person in state custody to seek post-conviction DNA testing of items in the actual or constructive possession of the state where the items were not previously tested or where additional testing of items that can be tested with new techniques could provide a reasonable likelihood of more accurate results. K.S.A. 2016 Supp. 21-2512(a)(3). This request is addressed to the trial court. K.S.A. 21-2512(a).

**Discussion**

  The All Writs Act allows federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). However, the power of a federal court to issue relief under the Act is contingent upon its subject matter jurisdiction over the case or controversy. *United States v. Denedo*, 556 U.S. 904, 911 (2009). *See Commercial Sec. Bank v. Walker Bank &*

*Trust Co.*, 456 F.2d 1352 1355 (10th Cir. 1972)(the All Writs Act "does not operate to confer jurisdiction").

The federal mandamus statute, 28 U.S.C. § 1361, grants the federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is available where the petitioner shows (1) a clear right to the relief sought; (2) a plainly defined, peremptory duty of the respondent to perform the act sought; and (3) that no other available remedy exists. *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990). The right to the remedy sought must be "clear and indisputable." *Id*.

A suit seeking mandamus relief under this provision must name a federal officer or employee as the respondent. *See Amisub (PSL), Inc. v. Colorado Dept. of Soc. Servs.*, 879 F.2d 789, 790 n. 2 (10th Cir. 1989). Therefore, petitioner's request for mandamus relief against the state district court and the KBI must be dismissed. *See Rivers v. King*, 23 Fed. Appx. 905, 908 n. 4 (10th Cir. Nov. 21, 2001)("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials.")

Likewise, while the FBI is a federal agency, the state statute which petitioner identifies as authorizing relief does not identify any duty by the FBI or any other federal official. Rather, the statute provides a specific remedy allows a prisoner to seek testing through a request in the state district court. Because the present petition states no arguable right to performance of any duty by the FBI, this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for mandamus is dismissed.

**IT IS SO ORDERED.**

DATED: This 27th day of October, 2017, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge